# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
October 20, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JOHN PELFREY,**
**Claimant Below, Petitioner**

**vs.)  No. 13-0797** (BOR Appeal No. 2047986)
(Claim No. 2009084536)

**PRITCHARD ELECTRIC COMPANY, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner John Pelfrey, by Stephen Paul New, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Pritchard Electric Company, Inc., by Lisa A. Warner Hunter, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 1, 2013, in which the Board affirmed a December 13, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's April 14, 2011, decision which granted Mr. Pelfrey a 0% permanent partial disability award and granted the claimant a total of a 5% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Pelfrey, an electrician, was injured in the course of his employment on March 3, 2009, while installing electrical conduit. The employee's and physician's report of injury lists the diagnoses of neck sprain/strain, shoulder and upper arm sprain/strain, thoracic spine sprain/strain, and cervical brachial neuritis or radiculitis not otherwise specified. The claim was held compensable but that decision is not of record. The claims administrator granted Mr. Pelfrey

1

a 0% permanent partial disability award on April 14, 2011, based upon an independent medical evaluation by Richard Sheridan, M.D., which is also not of record.

A second independent medical evaluation was performed by Bruce Guberman, M.D., on March 5, 2012. Dr. Guberman indicated Mr. Pelfrey had chronic post-traumatic strain of the right shoulder and persistent range of motion abnormalities. He also diagnosed acute and chronic cervical and thoracic spine sprain/strain and determined that Mr. Pelfrey had reached maximum medical improvement. He assessed 3% impairment for the right shoulder, 7% impairment for the cervical spine, and 5% impairment for the thoracic spine for a total whole person impairment of 15%. He opined that Dr. Sheridan's report was unreliable because he failed to adhere to West Virginia Code of State Rules § 85-20 (2006) and the American Medical Association's *Guides to the Evaluation of Permanent Impairment*, (4th ed. 1993).

Marsha Bailey, M.D., performed an independent medical evaluation on September 4, 2012, in which she diagnosed right upper extremity cervical radiculitis and right upper extremity ulnar neuropathy or carpal tunnel syndrome. She also diagnosed chronic mid-thoracic pain. Reported right hand weakness was determined to most likely be the result of right ulnar neuropathy and some component of cervical radiculitis. Tremors reported in the right hand were determined to be unrelated to the compensable injury. Mr. Pelfrey described a catching sensation in his cervical spine that was found to be the result of degenerative disc disease and degenerative joint disease which was revealed in a cervical x-ray taken two days after the compensable injury and an MRI taken two weeks after the injury. Dr. Bailey opined that Mr. Pelfrey sustained simple sprains and strains to his thoracic and cervical spine as a result of his compensable injury. The cervical sprain has resolved, and his ongoing symptoms are the result of degenerative disc and joint disease. His degenerative changes at C6-7, producing moderate neural foraminal stenosis, are consistent with his right-sided radiculopathy. Mr. Pelfrey's ulnar neuropathy at the right elbow was also determined to be unrelated to the compensable injury. It was found to be the result of obesity and hypothyroidism. He reported no direct trauma to his elbow at the time of his injury. Dr. Bailey opined that Mr. Pelfrey had reached maximum medical improvement for his compensable cervical, thoracic, and right shoulder sprains/strains. She assessed 0% cervical spine impairment, 5% thoracic spine impairment, and 0% right shoulder impairment for a total whole person impairment of 5%. She stated that Mr. Pelfrey had mild range of motion abnormalities in his unaffected left shoulder which equated to 2% impairment. This was the same amount of impairment found in the right shoulder; therefore, she apportioned the 2% right shoulder impairment for pre-existing conditions.

Dr. Bailey stated that she reviewed Dr. Guberman's report and found it to be deficient. Dr. Guberman failed to address the loss of range of motion in the left shoulder and relate it to the right shoulder range of motion findings. He also failed to apportion the cervical spine assessment for pre-existing degenerative changes. Lastly, he failed to address the upper right extremity neurological complaints. She also found Dr. Sheridan's report to be invalid because he failed to adhere to West Virginia Code of State Rules § 85-20 and did not properly utilize the American Medical Association's *Guides.*

2

The Office of Judges reversed the claims administrator's decision in its December 13, 2012, Order and granted Mr. Pelfrey a 5% permanent partial disability award. It noted that Pritchard Electric Company, Inc., asserted in closing arguments that the claim was held compensable for cervical sprain, thoracic sprain, and shoulder pain and that brachial neuritis was denied. The assertion was not denied by Mr. Pelfrey; however, the Office of Judges noted that the claims administrator's compensability decision was not of record. Pritchard Electric Company, Inc., argued before the Office of Judges that Dr. Guberman's report failed to consider pre-existing conditions and degenerative changes and was therefore less reliable than Dr. Bailey's report which correctly apportioned for pre-existing conditions. The Office of Judges noted that both Drs. Guberman and Bailey found Dr. Sheridan's independent medical evaluation to be deficient; however, the report was not of record and could not be considered. The Office of Judges ultimately held that Dr. Bailey's report was more persuasive than Dr. Guberman's and concurred with her comments concerning his report.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its July 1, 2013, decision. This Court agrees with the reasoning of the Office of Judges and the conclusions of the Board of Review. The evidentiary record indicates that Mr. Pelfrey is entitled to a 5% permanent partial disability award for his compensable injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   October 20, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II